**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **ALBUQUERQUE INTERNATIONAL BALLOON FIESTA, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MONROE LIFE BALLOON FIESTA, THE BINGHAM GROUP, INC., and SHERRY MELISA BINGHAM,**<br><br>**Defendants.** | **Case No.** _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Albuquerque International Balloon Fiesta, Inc. ("AIBF" or "Plaintiff"), for its Complaint against Defendants, Monroe Life Balloon Fiesta, The Bingham Group, Inc., and Sherry Melisa Bingham (collectively "Defendants"), alleges and states as follows:

## NATURE OF THE ACTION

1.      AIBF is the founder and host of the annual Albuquerque International Balloon Fiesta ("AIBF's Annual Event").  For nearly 50 years, AIBF has conducted and promoted its Annual Event under its federally registered BALLOON FIESTA mark and FIESTA and Balloon Design mark pictured below:



(collectively the "BALLOON FIESTA Marks").

2.      Through AIBF's more than four decades of investment of extensive effort and resources, AIBF's Annual Event has become a world-renowned attraction for hot air and gas balloon pilots and spectators alike.

3.      In fact, AIBF's Annual Event is now the largest ballooning event in the world, which every year attracts families, tourists, hot air balloon enthusiasts and hot air balloon pilots and operators from throughout the United States and around the world.

4.      AIBF's Annual Event in 2019 was AIBF's 48th consecutive Annual Event. The Annual Event was held in a 365-acre custom designed park, featured more than 588 hot air and gas balloons, attracted 671 balloon pilots and over 860,000 guests from around the world, and generated $186.82 million for the Albuquerque and the State of New Mexico economies. The Annual Event spanned nine days and featured a mass balloon ascension of 524 balloons, which set a new Guinness World Record for the "Greatest mass hot air balloon ascent."

5.      In addition to the hot air and gas balloon flights, AIBF's Annual Event features other attractions such as morning and evening Balloon Glow exhibitions, chainsaw carving exhibitions, skydiving, fireworks shows, car shows, food vendors and music concerts from nationally touring artists.

6.      Despite AIBF's long prior and well-known common law and registered rights in its BALLOON FIESTA Marks, Defendants incorporated the BALLOON FIESTA mark as the dominant portion of the "Monroe Life Balloon Fiesta" name of an annual event featuring hot air balloons without AIBF's authorization.

7.      Even after AIBF requested that Defendants cease, and Defendants agreed to cease, their use of the BALLOON FIESTA mark over a year ago, Defendants not only failed to cease

2

their unlawful actions, but they also resumed using the BALLOON FIESTA mark in connection with their hot air balloon event in a manner designed to conceal such use from AIBF.

8. As detailed below, Defendants' conduct constitutes, among other things, unfair competition and infringement of AIBF's rights in and to its BALLOON FIESTA Marks. Defendants' blatant improper conduct is knowing, intentional, and designed to trade on the goodwill and reputation that AIBF has developed through many decades of successful promotion of its Annual Event under its BALLOON FIESTA Marks.

9. Defendants' use of the BALLOON FIESTA mark has injured and is likely to continue to injure and cause irreparable harm to AIBF, unless and until Defendants are enjoined from using the BALLOON FIESTA mark in connection with Defendants' Annual Event.

## THE PARTIES

10. Albuquerque International Balloon Fiesta, Inc. is a New Mexico corporation with its principal place of business at 4401 Alameda Boulevard N.E., Albuquerque, New Mexico 87113.

11. Upon information and belief, Monroe Life Balloon Festival is a Tennessee nonprofit corporation with a place of business at 11921 Kingston Pike, Suite 201, Knoxville, Tennessee 37934-4845, and previously operated under the name Monroe Life Balloon Fiesta. Upon information and belief, Monroe Life Balloon Festival is still listed in the Internal Revenue Service's records as "Monroe Life Balloon Fiesta."

12. Upon information and belief, The Bingham Group, Inc. ("The Bingham Group") is a Tennessee corporation with a place of business at 11921 Kingston Pike, Suite 201, Knoxville, Tennessee 37934 -4845.

3

13.     Upon information and belief, Sherry Melisa Bingham ("Ms. Bingham") is an individual with a residence at 2413 Caravel Ln., Knoxville 37922-6175, Tennessee, and is a principal of co-Defendant, The Bingham Group, and a founder of co-Defendant, Monroe Life Balloon Festival.

14.     On information and belief, Defendants, through their agents, representatives, or affiliates, have done, and are doing, business in the Eastern District of Tennessee, and have engaged in acts and/or omissions within this district.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, and 1367.

16.     This Court has subject matter jurisdiction over Counts I, II, and III of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

a.     Count I (Trademark Infringement) - 15 U.S.C. § 1114; and

b.     Count II (Federal Unfair Competition) - 15 U.S.C. § 1125(a).

17.     This Court has supplemental jurisdiction over AIBF's state law claims pursuant to 28 U.S.C. § 1367 because it forms part of the same case or controversy as AIBF's federal claims.

18.     AIBF is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because Defendants have a principal place of business and/or reside in the Eastern District of Tennessee and are, and have been, conducting continuous and systematic business by promoting and selling services and goods within the State of Tennessee and within the Eastern District of Tennessee. Defendants have also committed unlawful acts hereinafter complained of in this judicial district.

4

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants have a place of business or reside in this judicial district and a substantial part of the events giving rise to AIBF's claims occurred in this judicial district.

## FACTUAL BACKGROUND

### AIBF's Famous BALLOON FIESTA Marks

20.     Since at least as early as 1975, AIBF has organized, promoted, and conducted an annual exhibition featuring hot air and gas balloons under the BALLOON FIESTA mark in United States commerce and has used the mark in United States interstate commerce continuously since that date.

21.     AIBF first used the BALLOON FIESTA mark in United States interstate commerce in connection with goods, including post cards, bumper stickers, t-shirts, pins, and patches sold at and in promotion of AIBF's Annual Event since at least as early as 1976 and has used the mark in United States interstate commerce continuously since that date.

22.     AIBF first used the FIESTA and Balloon Design mark in interstate commerce in connection with AIBF's Annual Event and related goods at least as early as 1997 and has used the mark in United States interstate commerce continuously since that date.

23.     AIBF advertises its Annual Event and related goods under the BALLOON FIESTA Marks throughout the United States, including in this judicial district, and prominently and extensively uses the BALLOON FIESTA Marks in nationwide advertising and promotional materials for AIBF's Annual Event, including but not limited to television, print advertisements, brochures, and the Internet as well as directly on the goods AIBF offers for sale at and in promotion of its Annual Event.

5

24. AIBF markets its Annual Event and related goods under the BALLOON FIESTA mark throughout the United States via the Internet, including on its website accessible at https://balloonfiesta.com (the "AIBF Website").

25. AIBF also heavily markets its Annual Event and related goods under the BALLOON FIESTA Marks on social media platforms including the following:

Facebook (https://www.facebook.com/balloonfiesta/)

Twitter (https://twitter.com/balloonfiesta)

Instagram (https://www.instagram.com/balloonfiesta)

YouTube (https://www.youtube.com/user/BalloonFiesta)

26. AIBF also promotes its Annual Event under the BALLOON FIESTA Marks with its "A View From Lift-Off Lane" podcast available through various platforms, including Spotify (https://anchor.fm/balloon-fiesta).

27. AIBF has invested extraordinary resources developing, advertising, promoting and marketing AIBF's Annual Event and related goods under the BALLOON FIESTA Marks throughout the United States and establishing the BALLOON FIESTA Marks in the minds of consumers as the source of high-quality services and goods offered by AIBF. As a result, and in addition to its registered rights described below, AIBF enjoys extremely strong common law trademark rights in the BALLOON FIESTA Marks, embodying invaluable goodwill.

28. AIBF and its Annual Event have received extensive national media coverage. Attached hereto as **Exhibit A** are copies of representative samples of articles reporting on AIBF and its Annual Event.

29. AIBF's BALLOON FIESTA Marks are inherently distinctive, have become favorably known among consumers as used in connection with AIBF's Annual Event and related

6

goods, and have become an invaluable symbol of the source of AIBF's high-quality services and goods offered under the BALLOON FIESTA Marks, as well as the goodwill associated with the Marks.

30.     In addition to AIBF's common law trademark rights in the BALLOON FIESTA Marks, AIBF owns the following United States Federal trademark registrations for the BALLOON FIESTA Marks (collectively the "Registered BALLOON FIESTA Marks"):

| Mark | Application No./ Filing Date | Registration. No. / Registration Date | Goods/Services |
|------|------------------------------|----------------------------------------|----------------|
| **BALLOON FIESTA** | 73602392<br>June 5, 1986 | 1462289<br>October 20, 1987 | Class 41: organizing, promoting and conducting annual exhibitions and competitions involving hot air and gas balloons |
| **BALLOON FIESTA** | 73603243<br>June 9, 1986 | 1426254<br>January 27, 1987 | Class 16: picture postcards, bumper stickers, posters and transfers<br><br>Class 21: plastics cups and glasses<br><br>Class 25: t-shirts, hats and jackets<br><br>Class 26: novelty items, namely pins, patches, buttons and belt buckles |
|  | 75483644<br>May 12, 1998 | 2334449<br>March 28, 2000 | Class 41: organizing, promoting and conducting annual exhibitions and competitions involving hot air and gas balloons |
|  | 75978621<br>September 18, 1997 | 2422264<br>January 16, 2001 | Class 26: novelty items, namely, ornamental cloth patches, pins and novelty buttons and belt buckles of |

| | | | non-precious metal for use with clothing |
|---|---|---|---|
|  | 78451243 July 15, 2004 | 4179860 July 24, 2012 | Class 25: T-shirts, jackets and sweaters |

31.     These registrations are valid, subsisting, and in full force and effect. True and correct copies of documents retrieved from the United States Patent and Trademark Office's online Trademark Status & Document Retrieval database ("TSDR") evidencing the status and AIBF's ownership of the Registered BALLOON FIESTA Marks are attached hereto as **Exhibit B**.

32.     Notably, AIBF's United States Trademark Registrations for the Registered BALLOON FIESTA Marks have achieved incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, these registrations provide conclusive evidence of the validity of the Registered BALLOON FIESTA Marks, AIBF's ownership of the registered trademarks, and AIBF's exclusive right to use the registered trademarks in connection with the goods and services specified in the certificates of registration for the trademarks. 15 U.S.C. § 1115(b).

33.     In addition to AIBF's common law rights, which date back to its 1975 first use of the BALLOON FIESTA mark in United States interstate commerce, AIBF has a presumption of nationwide exclusive rights to use the BALLOON FIESTA mark dating back more than thirty years, to 1986 when the AIBF filed its application to register the BALLOON FIESTA mark for which the USPTO issued Registration No. 1462289. 15 U.S.C. § 1057(c).

**Defendants' Infringing Acts**

34.     Notwithstanding AIBF's nationwide prior rights in its famous BALLOON FIESTA Marks, and without AIBF's authorization, Defendants adopted "Monroe Life Balloon Fiesta," which prominently features the BALLOON FIESTA mark as the name of Defendants' annual

8

festival featuring hot air balloons ("Defendants' Annual Event") that is strikingly similar to AIBF's Annual Event.

35.     Upon information and belief, Ms. Bingham, coordinated with and directed The Bingham Group to organize and execute Defendants' first festival featuring hot air balloons in 2013 under the name "Monroe Life Magazine's 1st Annual Celebration of HOPE Balloon Flow Festival" as a charitable event to raise funds for Hiwassee College in Madisonville, Tennessee.

36.     Upon information and belief, all acts of The Bingham Group related to the 2013 festival and each of Defendants' festivals to date, including Defendants' Annual Event conducted and promoted under the BALLOON FIESTA mark were directed by Ms. Bingham.

37.     Upon information and belief, in 2015 Ms. Bingham and The Bingham Group redirected the funds raised through the 2015 annual festival to CASA Monroe, Inc. (Court Appointed Special Advocates).

38.     Also in 2015, Ms. Bingham and The Bingham Group transitioned away from the "Monroe Life Magazine's 1st Annual Celebration of HOPE Balloon Flow Festival" name and instead adopted the BALLOON FIESTA mark. They subsequently organized, promoted, and conducted Defendants' Annual Event under the name "Monroe Life Balloon Fiesta," which Defendants have continued to use in connection with and to promote each of Defendants' Annual Events since 2015.

39.     Upon information and belief, in 2017, Ms. Bingham opened a bank account in the name of "Monroe Life Balloon Fiesta" and applied in the name of "Monroe Life Balloon Fiesta" to the United States Internal Revenue Service ("IRS") for 501(c)(3) status under the Internal Revenue Code.

40.    Upon information and belief, after Ms. Bingham applied to the IRS for 501(c)(3) status for Monroe Life Balloon Fiesta, Ms. Bingham and The Bingham Group continued to organize and present Defendants' Annual Event in conjunction with Monroe Life Balloon Fiesta under the BALLOON FIESTA mark.

41.    In 2018, the IRS granted Ms. Bingham's request for 501(c)(3) status and determined that Monroe Life Balloon Fiesta is a public charity thereby exempting the organization from federal income taxes and determining that the organization is qualified to receive tax deductible bequests, devises, transfers or gifts. A true and correct copy of the IRS' letter granting 501(c)(3) status to Monroe Life Balloon Fiesta is attached hereto as **Exhibit C**.

42.    Upon information and belief, all acts of Monroe Life Balloon Fiesta related to Defendants' Annual Event were conducted through or at the direction of Ms. Bingham.

43.    Like AIBF's Annual Event, Defendants' Annual Event is a multi-day event featuring hot air balloons, balloon glow displays, hot air balloon rides, live music, concessions and local artisan vendors.

44.    In addition, upon information and belief, certain of the same balloon pilots attend and participate in both AIBF's Annual Event and Defendants' Annual Event.

45.    Defendants have marketed Defendants' Annual Event under the BALLOON FIESTA mark through Defendants' website, which is accessible at www.monroelifeballooonfiesta.com   and   www.monroelifeballoonfestival.com ("Defendants' Website"), and through Defendants' Facebook page (https://www.facebook.com/monroelifeballoonfestival/).

46.    Representative examples of Defendants' use of the BALLOON FIESTA mark are pictured below:





**Defendants' Knowledge of AIBF's Prior Rights to the BALLOON FIESTA Marks**

47.     Notwithstanding AIBF's prior longstanding common law and registered rights in and to the BALLOON FIESTA mark, on June 11, 2019, Ms. Bingham filed an application with the USPTO to register the mark MONROE LIFE BALLOON FIESTA (Ser. No. 88468918) ("Defendants' Application") for "Organizing community festivals featuring primarily hot air balloons and also providing entertainment" in Class 41. Ms. Bingham filed Defendants' Application in the name "Sherry Melisa Bingham DBA The Bingham Group," identified the applicant as a Tennessee corporation, and signed the Application as the "President" of The Bingham Group. Defendants' Application claimed that the applied-for mark was first used anywhere and first used in United States commerce on March 1, 2018.

48.     On or about August 1, 2019, after AIBF learned of Defendants' Application and Defendants' use of the BALLOON FIESTA mark, counsel for AIBF sent The Bingham Group a letter addressed to Ms. Bingham advising Ms. Bingham and The Bingham Group of AIBF's prior rights to the BALLOON FIESTA Marks and communicating AIBF's concerns that Defendants' use and attempted registration of the BALLOON FIESTA mark is likely to cause consumer confusion. Accordingly, AIBF's counsel, on AIBF's behalf, requested that The Bingham Group abandon Defendants' Application and permanently refrain from using the MONROE LIFE BALLOON FIESTA mark.

49.     On August 12, 2019, after not having received a response to the August 1, 2019 letter, AIBF's counsel sent a second letter to The Bingham Group addressed to Ms. Bingham again requesting that The Bingham Group abandon Defendants' Application and permanently refrain from using the MONROE LIFE BALLOON FIESTA mark.

12

50.     On September 7, 2019, the USPTO issued an Office Action in connection with Defendants' Application refusing registration of the applied-for mark on the ground that registration of the mark is likely to cause confusion with AIBF's registered BALLOON FIESTA mark in AIBF's Registration No. 1462289 for "organizing, promoting and conducting annual exhibitions and competitions involving hot air and gas balloons" in Class 41. A true and correct copy of the September 7, 2019 Office Action is attached hereto as **Exhibit D.**

51.     On September 17, 2019, The Bingham Group's Marketing and Communications Director, CeCe Owens, forwarded a prior email she had sent AIBF's counsel on August 26, 2019, acknowledging the August 2019 correspondence from AIBF's counsel but not agreeing to abandon Defendants' Application or cease use of the BALLOON FIESTA mark. Despite what Ms. Owens had communicated in her August 26, 2019 email, in her September 17, 2019 email, Ms. Owens seemingly acknowledged the September 7, 2019 Office Action and implied that The Bingham Group would abandon Defendants' Application.

52.     On November 14, 2019, AIBF's counsel informed Ms. Owens that The Bingham Group's abandonment of Defendants' Application does not adequately address the likelihood of confusion caused by Defendants' use of the BALLOON FIESTA mark and again requested The Bingham Group agree to cease all use of the BALLOON FIESTA mark and transition to a new name as soon as possible.

53.     Having not received a response to the November 14, 2019 email, AIBF's counsel followed up with Ms. Owens via email on December 6, 2019, concerning AIBF's demands.

54.     On or about December 16, 2019, during a phone call with AIBF's counsel, Ms. Bingham informed AIBF's counsel that Defendants would cease their use of the BALLOON

13

FIESTA mark and transition to the mark BALLOON FESTIVAL. AIBF was agreeable Defendants' proposed transition away from its use of the BALLOON FIESTA mark.

55.     After Ms. Bingham informed AIBF's counsel that Defendants would transition to the BALLOON FESTIVAL mark, Defendants began using the <monroelifeballoonfestival.com> domain name for its website. However, Defendants have maintained the <monroelifeballoonfiesta.com> domain name, which now redirects Internet users to the <monroelifeballoonfestival.com> domain name and Defendants' Website.

56.     On March 11, 2020, Defendant Monroe Life Balloon Festival filed articles of amendment with the office of the Tennessee Secretary of State to change its name from its former name "Monroe Life Balloon Fiesta" to its current name "Monroe Life Balloon Festival."

57.     On March 20, 2020, the USPTO issued a Notice of Abandonment in connection with Defendants' Application for failure to timely respond to the September 7, 2019 Office Action. A true and correct copy of the USPTO's Notice of Abandonment of Defendants' Application is attached hereto as **Exhibit E.**

**Defendants' Continued Use of the BALLOON FIESTA Mark**

58.     Despite Ms. Bingham's assurances in December 2019 that Defendants would cease all use of the BALLOON FIESTA mark and despite Defendants' knowledge that AIBF objected to Defendants' use of the BALLOON FIESTA mark, Defendants continued their use of the BALLOON FIESTA mark to promote Defendants' 2021 Annual Event, the first since 2019, on information and belief, due to the COVID-19 pandemic.

59.     Although Defendants appeared to have transitioned from the BALLOON FIESTA mark to the BALLOON FESTIVAL mark on Defendants' Website and with the abandonment of

14

Defendants' Application, in local advertisements for Defendants' 2021 Annual Event Defendants willfully continued their unauthorized use of the BALLOON FIESTA mark.

60. Examples of Defendants' advertisements for Defendants' 2021 Festival prominently featuring the BALLOON FIESTA mark are pictured below, including a large roadside billboard sign that was, on information and belief, recently leased by Defendants to promote the Defendants' 2021 Festival:







61.     As shown in the above images, Defendants continue to prominently feature the BALLOON FIESTA mark in their promotional materials for Defendants' Annual Event, as the mark is displayed significantly larger than the term "Monroe Life" on Defendants' signs promoting their Annual Event.

62.     Upon information and belief, Defendants' chose to continue to use the BALLOON FIESTA mark on local advertisements for their 2021 Annual Event while seemingly transitioning to the BALLOON FESTIVAL mark on Defendants' nationally accessible Website in a deliberate attempt to conceal their continued unauthorized use of the BALLOON FIESTA mark from AIBF so they could continue to trade on the goodwill of AIBF's BALLOON FIESTA Marks.

63.     Defendants are continuing to use the BALLOON FIESTA mark with actual and constructive knowledge of AIBF's prior rights in and to its BALLOON FIESTA Marks in blatant disregard of AIBF's objections.

64.     Defendants used and continue to use the BALLOON FIESTA mark to intentionally capitalize on the reputation and goodwill of AIBF and its BALLOON FIESTA Marks, to intentionally confuse and deceive consumers and the trade, including but not limited to hot air

balloon pilots, into believing that Defendants' Annual Event is connected to, sponsored by, affiliated with or conducted by AIBF, and to unfairly compete with AIBF.

65.     AIBF has never authorized, licensed, or otherwise endorsed Defendants, Defendants' Annual Event, and/or Defendants' use of the BALLOON FIESTA mark.

66.     Defendants have never been affiliated in any way with AIBF.

67.     Defendants' use of the BALLOON FIESTA mark in the name of and in connection with the promotion of Defendants' Annual Event in interstate commerce, including in Tennessee and in this judicial district, has caused, and is likely to cause, confusion, mistake, and deception among the relevant purchasing public and the trade. Consumers and the trade will likely believe that Defendants' Annual Event is associated with, or connected with, or approved or authorized by AIBF when that is not the case.

### Negative Publicity Regarding Defendants' Annual Festival

68.     On or about September 10, 2018, Defendants filed a class action lawsuit purportedly on behalf of all persons who paid admission to Defendants' 2018 Annual Event in the Circuit Court for Monroe County Tennessee against CASA Monroe, several members for CASA Monroe's Board, Tsali Notch Vineyard, LLC ("Tsali Notch"), and a balloon pilot who participated in Defendants' Annual Event, asserting claims of defamation and breach of contract ("Defendants' 2018 Complaint"). A true and correct copy of Defendants' 2018 Complaint is attached here to as **Exhibit F**. Upon information and belief, Defendants' Annual Event was held at Tsali Notch's winery in Madisonville, Tennessee in 2015-2017, and Tsali Notch provided wine samples and free wine tasting at those Events.

69.     On March 25, 2019 the court issued an order dismissing Defendants' 2018 Complaint.

17

70.     On or about September 5, 2019, Defendants filed a second complaint in their individual capacity and without a class-action component in the Circuit Court for Monroe County Tennessee against the same defendants identified in Defendants' 2018 Complaint asserting claims for breach of contract and intentional interference with business relations, defamation, and civil conspiracy ("Defendants' 2019 Complaint"). A true and correct copy of Defendants' 2019 Complaint is attached here to as **Exhibit G**.

71.     Defendants' allegations in Defendants' 2018 and 2019 Complaints paint an unflattering image of Defendants' 2017 and 2018 Annual Events and include allegations of unauthorized sales of large amounts of alcohol, overconsumption of alcohol by attendees of Defendants' 2017 Annual Event, theft and mismanagement of and/or failure to account for funds, and public verbal altercations between Defendants and the named defendants in the 2018 and 2019 Complaints. In their Complaints, Defendants alleged all these events contributed to an overall environment at Defendants' Annual Event that that was not conducive to or appropriate for the intended family-friendly event.

72.     Defendants' 2019 lawsuit is still pending.

**Harm to AIBF and the Goodwill in AIBF's Marks**

73.     Any confusion caused by Defendants' unauthorized use of the BALLOON FIESTA mark would result in injury and have a direct impact on AIBF's reputation and its ability to market its Annual Event and related products used in connection with the BALLOON FIESTA Marks. In addition, any defect, objection, or fault found with Defendants' Annual Event would negatively impact and seriously injure the reputation and goodwill AIBF has established for itself, AIBF's Annual Event and related goods, and the BALLOON FIESTA Marks.

18

74.     For example, and without limitation, the allegations set forth in Defendants' 2018 and 2019 Complaints concerning the unwholesome atmosphere at Defendants' Annual Event offered under the BALLOON FIESTA mark, and any press coverage of Defendants' Complaints or the ongoing lawsuit, serve to harm the goodwill of AIBF and its BALLOON FIESTA Marks. Defendants seemingly admit as much in their Complaints, alleging that as result of the actions of the named defendants, Defendants have suffered damage to their reputation, which necessarily harms AIBF's reputation given that Defendants are trading on the goodwill of AIBF's BALLOON FIESTA Marks.

75.     All the foregoing acts of Defendants have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to AIBF for which it has no adequate remedy at law.

## COUNT I

### INFRINGEMENT OF REGISTERED TRADEMARKS
### 15 U.S.C. § 1114
### (Against all Defendants)

76.     AIBF repeats the allegations in Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.     Defendants, without the consent or authorization of AIBF, have used and are using in interstate commerce the BALLOON FIESTA mark, which is nearly identical and confusingly similar to AIBF's prior Registered BALLOON FIESTA Marks in United States in connection with services, namely the organizing, promoting and conducting of an annual festival featuring hot air balloons, that are identical to and/or highly related to the services and related goods AIBF offers under its Registered BALLOON FIESTA Marks. Such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and of

Defendants' Annual Event, with AIBF, or as to the origin, sponsorship, or approval of Defendants' Annual Event.

78.     The goodwill of AIBF's Registered BALLOON FIESTA Marks is of significant value, and AIBF is suffering, and will continue to suffer, irreparable harm should Defendants continue their unauthorized use of the BALLOON FIESTA mark.

79.     Defendants' unauthorized use of the BALLOON FIESTA mark in connection with Defendants' Annual Event is intended to, and will, divert to Defendants the benefit of the reputation and goodwill symbolized by AIBF's Registered BALLOON FIESTA Marks, which belong exclusively to AIBF.

80.     Defendants' acts constitute infringement of AIBF's Registered BALLOON FIESTA Marks under 15 U.S.C. § 1114(1).

81.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of AIBF's rights.

82.     As a result of Defendants' acts of trademark infringement, AIBF is suffering irreparable harm.

83.     Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to AIBF.

84.     Due to the exceptional nature of this case, AIBF is entitled to its reasonable attorney fees pursuant to 15 U.S.C. § 1117(A).

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN AND
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)
### (Against all Defendants)

85.     AIBF repeats the allegations in Paragraphs 1 through 84 of this Complaint as though fully set forth herein.

86.     By making unauthorized use in interstate commerce of the BALLOON FIESTA mark, Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and Defendants' Annual Event with AIBF, or as to the origin, sponsorship or approval of Defendants' Annual Event.

87.     Defendants' acts constitute false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

88.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Defendants' prior rights in and to the BALLOON FIESTA Marks.

89.     As a result of Defendants' acts of false designation of origin and unfair competition, AIBF is suffering irreparable harm.

90.     Due to the exceptional nature of this case, AIBF is entitled to its reasonable attorney fees pursuant to 15 U.S.C. § 1117(A).

## COUNT III

### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
### (Against all Defendants)

91.     AIBF incorporates the allegations set forth in Paragraphs 1 through 90 above as if fully set forth here.

21

92.     By reason of the actions alleged herein, Defendants have acted and are acting in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq. The acts complained of violate at least subsections (1), (2), (3), and (5) of T.C.A. § 47-18-104(b).

93.     As a result of the actions alleged herein, AIBF has suffered and continues to suffer financial damage, injury, and irreparable harm.

94.     Defendants committed the actions alleged herein knowingly and willfully.

95.     Pursuant to T.C.A. 47-18-109(a)(3), AIBF is entitled to treble damages for the knowing and willful acts of Defendants alleged herein.

96.     Pursuant to T.C.A. 47-18-109(e)(1), AIBF is entitled to its reasonable attorney fees and costs in bringing this claim.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Against all Defendants)

97.     AIBF incorporates the allegations set forth in Paragraphs 1 through 96 above as if fully set forth here.

98.     By using the BALLOON FIESTA mark in commerce in connection with Defendants' Annual Event, Defendants are creating a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of their Annual Event. This use of the BALLOON FIESTA mark is likely to induce consumers to mistakenly believe that Defendants' and Defendants' Annual Event are affiliated, sponsored, approved by, or connected with AIBF.

99.     Defendants' conduct has been intentional and undertaken for the purpose of deceiving consumers into believing that their Annual Event is associated with AIBF. Defendants have acted with full knowledge of the deceptiveness of their conduct and harm to AIBF's business.

100.    Defendants' conduct constitutes trademark infringement and unfair competition under the common law of the State of Tennessee.

101.    Defendants' unlawful acts are causing AIBF to suffer irreparable harm, for which it has no adequate remedy at law. Unless and until Defendants are enjoined, Defendants will continue to compete unfairly against and cause irreparable harm to AIBF.

## JURY DEMAND

102.    AIBF demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, AIBF prays that the Court enter Judgment finding, concluding, and declaring:

A.    That Defendants' use of the BALLOON FIESTA mark in all forms constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), a violation of the Tennessee Consumer Protection Act, and trademark infringement and unfair competition under Tennessee common law;

B.    That Defendants and their owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined, pursuant to 15 U.S.C. § 1116 and applicable state laws, from:

1.    Using the BALLOON FIESTA mark, including all formative variations, or any other names, marks or slogans, that are likely to cause confusion, mistake or deception with AIBF's BALLOON FIESTA Marks;

2.    Doing any other act or thing likely to induce the mistaken belief that Defendants and/or Defendants' Annual Event are in any way affiliated, connected, or associated

23

with AIBF or its Annual Event and related goods, and doing any other act or thing likely to cause confusion with AIBF's BALLOON FIESTA Marks;

3.      Trading on the goodwill associated with AIBF's BALLOON FIESTA Marks and passing off Defendants' Annual Event as authorized or approved by AIBF;

4.      Injuring AIBF's business reputation and the goodwill associated with AIBF's BALLOON FIESTA Marks and from otherwise unfairly competing with AIBF in any manner whatsoever;

5.      Marketing, rendering, selling or transporting any goods or services that bear the BALLOON FIESTA mark, or any images, symbols, or trademarks confusingly similar to AIBF's BALLOON FIESTA Marks, including but not limited to displaying promotional and marketing materials on outlets such as websites, social media platforms, and other sources available over the Internet;

C.      That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to signs, labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendants bearing and/or displaying the BALLOON FIESTA mark or any confusingly similar packaging or marks;

D.      That Defendants be ordered to recall from all customers, vendors, salespeople, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, digital files and all other matter bearing and/or displaying the BALLOON FIESTA mark;

E.      That Defendants be ordered to remove all uses of the BALLOON FIESTA mark, including all online images containing such mark from Defendants' Website and all other websites,

including without limitation all social media sites under Defendants' possession or control;

     F.     That Defendants be ordered to notify all customers, vendors, salespeople, and authorized agents of this Judgment;

     G.     That Defendants be ordered to transfer ownership of the domain name www.monroelifeballoonfiesta.com to AIBF and cease redirecting the domain name to the domain name www.monroelifeballoonfestival.com;

     H.     That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with this Court and to serve on AIBF, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

     I.     That Defendants be directed to provide a complete accounting to AIBF for any and all profits realized from conducting of Defendants' Annual Event from inception up through the date of the judgment;

     J.     That AIBF be awarded its actual compensatory damages and Defendants' profits, in an amount to be determined at trial;

     K.     That Defendants be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 and applicable state statutes for their knowing, intentional, and willful violations of federal law;

     L.     That AIBF be awarded all reasonable attorneys' fees, costs and disbursements incurred by AIBF as a result of this action, pursuant to 15 U.S.C. § 1117(a);

     M.     That AIBF be awarded all damages available under Tennessee law; and

     N.     That AIBF be awarded any such other and further relief as this Court deems just and proper.

25

Respectfully Submitted,

Dated: <u>October 21, 2021</u>

s/*John T. Winemiller*
John T. Winemiller (021084)
R. Bradford Brittian (007130)
Merchant & Gould P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Telephone: (865) 380-5960
Fax: (612) 332-9081
jwinemiller@merchantgould.com
bbrittian@merchantgould.com

John A. Cullis* (IL Bar No. 6273415)
Lawrence E. James* (IL Bar No. 6289823)
Joshua S. Frick* (IL Bar No. 6292843)
Barnes & Thornburg, LLP
One N. Wacker Drive
Suite 4400
Chicago, IL 60606-2833
Telephone: (312) 357-1313
Fax: (312) 759-5646
John.Cullis@btlaw.com
Lee.James@btlaw.com
Joshua.Frick@btlaw.com
*pro hac vice to be filed

*Attorneys for Plaintiff Albuquerque*
*International Balloon Fiesta, Inc.*

26